UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEREK A. JONES,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA WATER<br>AND SEWER AUTHORITY,<br><br>    Defendant. | Civil Action No. 12-1454 |

**MEMORANDUM OPINION**

On May 6, 2013, this Court dismissed without prejudice Plaintiff Derek A. Jones's wrongful-termination claim against Defendant District of Columbia Water and Sewer Authority, finding that Plaintiff's allegations were insufficient to invoke the public-policy exception to the at-will employment doctrine. While granting Defendant's Motion to Dismiss, the Court permitted Plaintiff to amend his Complaint if he could allege sufficient facts to support the exception. Plaintiff then filed a Second Amended Complaint in an attempt to shore up this count, and WASA now moves once again to dismiss on the ground that the augmented Complaint still fails to state a viable claim for wrongful termination. Agreeing, the Court will grant Defendant's Motion. Plaintiff may thus proceed only on his count for unlawful discrimination.

**I.    Background**

The factual background of this case is largely set forth in <u>Jones v. Dist. of Columbia Water and Sewer Auth.</u>, No. 12-1454, 2013 WL 518653 (D.D.C. Feb. 13, 2013) (<u>Jones I</u>), in which the

1

Court previously granted WASA's first Motion to Dismiss without prejudice – in relation to Plaintiff's federal discrimination claim – and permitted Jones to file an Amended Complaint. He did so on March 7, 2013, see Amended Complaint (ECF No. 21), and therein sufficiently alleged the causation that had been missing from his original Complaint in relation to that count. See id.; Jones I, 2013 WL 518653, at *5.

Defendant then filed a second Motion to Dismiss, this time challenging only the common-law wrongful-termination cause of action. See Motion to Dismiss (ECF 24). As Jones was an at-will employee, the Court granted Defendant's Motion because Plaintiff had failed to include facts that could support the public-policy exception to the at-will doctrine. See Jones v. Dist. of Columbia Water and Sewer Auth., No. 12-1454, 2013 WL 1869175, at *1 (D.D.C. May 6, 2013) (Jones II). Plaintiff was ordered to allege facts showing why the exception applied and identify "the specific statute or municipal regulation he was instructed to violate" and "a clear mandate of public policy" that is not "otherwise protected by an existing statute or regulation." Id. at *5 (emphasis in original).

Plaintiff consequently filed a Second Amended Complaint to address these issues, see Second Amended Complaint (SAC), ¶¶ 16-52. Specifically, he alleges that he was terminated for refusing to schedule an employee for a test for which there was no vacancy, in contravention of the collective-bargaining agreement and the labor protections of the District of Columbia Comprehensive Merit Personnel Act, see id., ¶¶ 29-32, and refusing to process the hiring papers for an individual whose credentials had not yet been verified, in contravention of WASA and D.C. Municipal Regulations. See id., ¶¶ 18-22. WASA has again moved to dismiss the wrongful-termination count, contending it is still infirm.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in the plaintiff's favor. Leatherman v. Tarrant Cnty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993). Although the notice-pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)). Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

## III. Analysis

"It has long been settled in the District of Columbia that an employer may discharge an at-will employee at any time and for any reason, or for no reason at all." Adams v. George W. Cochran & Co., 597 A.2d 28, 30 (D.C. 1991). District of Columbia courts, however, recognize a

"public policy exception" for cases in which "the employee's termination offends some 'mandate of public policy' that is 'firmly anchored in either the Constitution or in a statute or regulation which clearly reflects the particular public policy being relied upon.'" Bilal-Edwards v. United Planning Org., 896 F. Supp. 2d 88, 93-94 (D.D.C. 2012) (quoting Carson v. Sim, 778 F. Supp. 2d 85, 97 (D.D.C. 2011)).

In Jones II, the Court discussed the two predominant theories under which the exception may be invoked: the Adams refusal-to-perform-illegal-acts theory and the retaliation-for-reporting theory set forth in Carl v. Children's Hosp., 702 A.2d 159 (D.C. 1997). See 2013 WL 1869175, at *4-6. In amending his pleadings, Plaintiff has elected to proceed under the former. See SAC, ¶ 52 (alleging WASA's termination of his employment "violated the public policy of the District of Columbia that individuals shall not be discharged from their employment because <u>they refuse to perform acts that are illegal under the laws and regulations of the District of Columbia</u>") (emphasis added). Specifically, Plaintiff contends that he was terminated for refusing to perform acts (1) "which were in violation of the union contracts between WASA and its employees"; and (2) "which would violate the provisions of the District of Columbia Comprehensive Merit Personnel Act, D.C. Code § 1-617.4, and the WASA Regulations applicable to the CMPA, DCRM [*sic*] §§ 5201.6-7." SAC, ¶ 51. Neither allegation shoulders Plaintiff's pleading burden.

Jones first contends that he was terminated for "refus[ing] to perform acts which were in violation of the union contracts between WASA and its employees." SAC, ¶ 51. These acts include informing his supervisor "that he could not schedule [an applicant] for the test, . . . because to do so would be a violation of Article 21 of the AFGE union contract for the employee to be given a test for which there was no vacant position." Id., ¶ 31.

4

The protections afforded employees pursuant to a union contract – a private agreement – are not the sort of "'fundamental public policy'" that can support the narrow exception. Bilal-Edwards, 896 F. Supp. at 94 (quoting Chisholm v. Dist. of Columbia, 666 F. Supp. 2d 96, 117 (D.D.C. 2009)); see also Robinson v. Securitas Serv., Inc., 819 F. Supp. 2d 18, 21-22 (D.D.C. 2011) (rejecting plaintiff's claim that contract between city and defendant embodied public policy sufficient to support narrow exception). Plaintiff has cited no authority in which a court has recognized a sufficient public-policy interest based on the violation of a private labor agreement, and the extensive authority restricting the reach of this exception persuades the Court that its extension would be unwise. See, e.g., Myers v. Alutiiq Int'l Solutions, LLC, 811 F. Supp. 2d 261, 266 (D.D.C. 2011) (discussing "very narrow" public-policy exception recognized in Adams).

Second, Jones alleges that he was terminated for "refusing to perform acts . . . which . . . would violate the provisions of the District of Columbia Comprehensive Merit Personnel Act, D.C. Code § 1-617.4 [presumably 1-617.04], and the WASA Regulations applicable to the CMPA, DCRM [*sic*] §§ 5201.6-7." SAC, ¶ 51; see also id., ¶ 31. Neither contention is availing.

As to the first, while the CMPA is a broad statute governing public personnel administration, see Dist. of Columbia v. Am. Fed'n of Gov't Emp., Local 1403, 19 A.3d 764, 769 (D.C. 2011) (citing D.C. Code § 1-601.02(a)), Plaintiff relies on a specific provision relating to the exercise of labor rights. See SAC, ¶¶ 32, 51 (citing § 1-617.[0]4 ("Unfair Labor Practices")). This provision protects in a broad manner the rights of employees to organize, bargain collectively, and participate through labor organizations. Plaintiff is not claiming a violation of these general principles; instead, his only invocation of this section is in relation to the particular terms of the union contract that the Court has just rejected as a source of public

5

policy. Their general codification in the CMPA does not alter the fact that these are simply terms in a basic labor agreement.

As to the second – the WASA personnel regulations, codified in D.C. Municipal Regulations, §§ 5201.6 and 5201.7 – the Court similarly finds that mere codification of internal personnel policies in municipal regulations does not convert them into a public policy that can support this exception. While there are no cases addressing whether personnel policies enshrined in regulations rise to this level, it is clear that an employer's violation of mere internal policies cannot support the exception. See, e.g., Brown v. Children's Nat'l Med. Ctr., 773 F. Supp. 2d 125, 139 (D.D.C. 2011) (refusing to recognize public-policy exception where only violation was of "[private employer's] internal personnel policies regarding employee discipline, grievances, equal employment opportunity, harassment, and retaliation"); Chisholm v. Dist. of Columbia, 666 F. Supp. 2d 96, 117 (D.D.C. 2009) (rejecting court's Comprehensive Policies as a source of public policy because they were not a "fundamental public polic[y] of the state"); Green v. Ralee Eng'g Co., 960 P.2d 1046, 1053 (Cal. 1998) (discussing similar exception in California and emphasizing that "[t]he tort of wrongful discharge is not a vehicle for enforcement of an employer's internal policies or the provisions of its agreements with others.") (internal quotations omitted).

Given that internal personnel policies are insufficient on their own, Plaintiff has not explained why their promulgation as municipal regulations should justify a different outcome. Not every violation of any regulation is sufficiently weighty to invoke the exception; in fact, where a party has recited a regulation as a source of state policy, courts must separately determine whether that regulation protects a sufficient public-policy interest to justify the exception. See Ervin v. Howard Univ., 562 F. Supp. 2d 58, 73 (D.D.C. 2008) (rejecting plaintiff's effort to invoke D. C. Municipal Regulations after determining that regulations did

6

not support public-policy exception). The Court here is particularly disinclined to expand the exception to cover what amounts to disputes over personnel policies, even if those policies have been enshrined in municipal regulations. See, e.g., Carl, 702 A.2d at 162 (D.C. 1997) (Terry, J., concurring) (exception "must be firmly anchored either in the Constitution or in a statute or regulation which clearly reflects the particular 'public policy' being relied upon," "lest we allow 'public policy' exceptions to swallow up the at-will doctrine.").

Finally, while Plaintiff's Opposition references the Whistleblower Protection Act as a source of public policy, see Opp. at 4 (citing D.C. Code § 1-615.15), he has failed to plead a retaliation theory – despite having amended his complaint on two occasions – and cannot raise it for the first time in his Opposition to this Motion. See Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv., 297 F. Supp. 2d 165, 170 (D.D.C. 2003) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."); Carson v. U.S. Office of Special Counsel, No. 04-0315 2006 WL 785292, at *2 n.3 (D.D.C. Mar. 27, 2006) (additional claims in opposition were improper where plaintiff had been directed "to file a single, definitive amended complaint concisely setting forth . . . his factual allegations and claims for relief"). Even if Jones had timely raised this as a source of public policy, however, he would nonetheless fail since the public-policy exception may not be invoked on the basis of a statute that carries its own remedy. See Carter v. Dist. of Columbia, 980 A.2d 1217, 1225 (D.C. 2009) (rejecting public-policy exception where remedy already exists under DCWPA).

## IV.     Conclusion

Because Plaintiff has failed to allege a valid source of public-policy to ground the exception, the Court will issue a contemporaneous Order granting Defendant's Motion to Dismiss the wrongful-termination claim.

.

>                         */s/ James E. Boasberg*
>                         JAMES E. BOASBERG
>                         United States District Judge

Date:  August 28, 2013